## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KENNETH SELMAN,

       Plaintiff,

vs.                                                                                   No. CIV 07-1059 JB/WDS

DELTA AIRLINES, d/b/a DAL
GLOBAL SERVICES and DAVID
CLINTON JANKE, individually and
as agent of DELTA AIRLINES, INC.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant DAL Global Services, LLC's Notice of Withdrawal of Motion for Judgment on the Pleadings, filed June 5, 2008 (Doc. 28). The primary issue is whether the Court should allow Defendant DAL Global Services, LLC ("DGS") to withdraw its Motion for Judgment on the Pleadings after the parties fully briefed the motion, after the Court prepared for and held a hearing on the motion, after the Court spent time on a draft opinion, and where Plaintiff Kenneth Selman objects to the withdrawal of the motion. Because it appears that the Court will have to resolve the legal issues that DGS' motion raises at some point in this case, and because Selman would like to know how the Court will resolve these issues earlier in the case rather than later, the Court will deny DGS' request to withdraw its motion for judgment on the pleadings, and will proceed to issue an opinion and order on the motion for judgment on the pleadings.

## PROCEDURAL BACKGROUND

On April 7, 2008, DGS filed its motion for judgment on the pleadings. See Defendant DAL Global Services, LLC's Motion for Judgment on the Pleadings, filed April 7, 2008 (Doc.

17)("Motion for Judgment on the Pleadings").  On May 5, 2008, Selman filed his Response to

Motion for Judgment on the Pleadings.  See Plaintiff's Response to Motion for Judgment on the

Pleadings, filed May 5, 2008 (Doc. 24)("Response"); Affidavit of Kenneth Selman, filed May 5,

2008 (Doc. 25)("Selman Affidavit").  On May 19, 2008, DGS filed its Reply Brief in Support of

DAL Global Services, LLC's Motion for Judgment on the Pleadings, see (Doc. 26), and, on the same

day, filed a Notice of Completion of Briefing, see (Doc. 27).

The Court held a hearing on June 2, 2008.  In its opening remarks to counsel, before

argument, the Court stated:

> I've spent a fair amount of time with the briefs here. . . .  And it seems to me a large
> number of the facts here are not disputed.  The issue is what kind of notice is
> required in these bankruptcy proceedings . . . .  I guess I [am] concerned somewhat
> by the Tenth Circuit language in the Reliable Electric case [Reliable Electric Co.,
> Inc. v. Olson Construction Co., 726 F.2d 620 (10th Cir. 1984)] that does require
> notice . . . . [T]he plaintiff's attorney in that case knew of the bankruptcy . . . [but the
> court said that] sections 1141C . . . didn't ostensibly allow any claim to be
> discharged even though the claim holder had not received notice of the proceeding
> at a confirmation hearing. . . . [The Tenth Circuit suggested that] the discharge of a
> claim without reasonable notice of a confirmation hearing violated the Fifth
> Amendment to the United States constitution. . . . It seems to me that given that
> there's a dispute . . . that Mr. Selman had to have known about the bankruptcy, but
> that's not something I can really decide on a judgment on the pleadings, and s[o] I'm
> inclined -- again, I want to study these cases and how these notice cases interact with
> the bankruptcy code, but given that  . . . dispute . . . about the notice, I'm not sure I
> can resolve that factual issue here on  . . . [a] motion . . . on the pleadings.

Transcript of Hearing at 2:11-3:16 (taken June 2, 2008)("Tr.")(Court).[1]

DGS' counsel, Barbara Stephenson, stated: "We agree that there are many factual areas of

agreement here  . . . .  You've identified them all[,] the many facts about which there is no

disagreement."  Id. at 3:24-4:2 (Stephenson).  She further stated: "So, we agree with the Court,

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

certainly, that the single question here is the notice issue." <u>Id.</u> at 8:11-12 (Stephenson).  Narcisco

Garcia, Jr., Selman's counsel, stated in response:

> Should this matter proceed further, with a denial of the motion and then subject to a motion for summary judgment later, we believe that the evidence will bear out that Delta was in fact notified in October of 2006 of the claim.  I've looked for the correspondence from my office, but all I have located is a fax to an Adrian/Adrienne Rogers in Colorado who had requested copies of the August 4th incident report and the criminal complaint that was filed against Mr. [Janke] and we faxed them to him on that date.  However, the earlier correspondence I can't locate, but I do have a copy of that cover sheet to Mr. Rogers of that date.  And we believe that that along with other factors will establish that in fact Delta did know of Mr. Selman's claims before even the filing of the workers' compensation claim.

<u>Id.</u> at 11:12-25 (Garcia).

> In response to Ms. Stephenson's rebuttal, the Court stated:

> I'm wondering how different[,] Ms. Stephenson[,] this is from the Reliable Electric case I want to study it some more but the debtor was put on notice of the claimant's status as a potential creditor by [the] credit[or] filing counterclaims against the debtor.  I know that there's some factual distinctions between that but let's assume for a second Mr. Garcia was having communication in 2006 with . . . somebody within Delta about the wrongful termination claimed and the incident report that underlie the criminal assault charges.  How different is that from Reliable Electric?

Tr. at 15:12-21 (Court).  At the end of the hearing, the following dialogue took place:

| THE COURT: | Well, I need to give this some more thought. . . .  It seems to me the . . . hearing has disclosed . . . [a] very important factual issue that is not before me in the record, and that is . . . Mr. Selman's contention that he put [Delta] on notice back in 2006 . . . .  I am concerned about these cases.  I need to look at these cases that were not cited in the briefs that talk about . . . Internet notice. |
|  | I must say, though, that I'm a little skeptical of being able to follow those cases given that what the Tenth |

-3-

|  | Circuit has said in its opinions. They may be old and they may be pre[-]Internet, but [the] directness by which the Tenth Circuit has talked about notice in the [R]eliable [E]lectric case gives me [p]ause, particularly if I couple it with this allegation that Delta was on notice of his claim back in 2006 . . . . But I'll give it some thought. I think I better take that under advisement and try to figure out precisely when notice is required. |
| MS. STEPHENSON: | I'm sorry, Your Honor, would the Court like additional briefing on any of the questions that have been raised given the additional -- |
| THE COURT: | Well you're certainly welcome to submit to me what you would like on that. You can either do it formally or if y'all have cases you just want to bring to the Court's attention you're welcome to do that. |
| MS. STEPHENSON: | Okay. |

Tr. at 20:20-2:25 (Court & Stephenson). At the end of the hearing, the Court stated: "I will try to get you an opinion and order out as soon as possible. . . . And if you have some additional cases or something I think we've narrowed the issue now to exactly what I need to decide, then you're welcome to submit anything further on that." Id. at 23:18-25 (Court).

After the June 2, 2008 hearing, on June 5, 2008, DGS filed a Notice of Withdrawal of Motion for Judgment on the Pleadings, giving notice that its Motion for Judgment on the Pleadings is withdrawn. See Notice of Withdrawal of Motion for Judgment on the Pleadings, filed June 5, 2008 (Doc. 28). The Notice of Withdrawal stated: "DGS withdraws its Motion for Judgment on the Pleadings as being premature." Id. at 1.

-4-

When the Court received DGS' Notice of Withdrawal, it instructed its Courtroom Deputy

Clerk to call DGS' counsel, tell it to review D.N.M.LR-Civ. 7.9, and to comply with it. D.N.M.LR-

Civ. 7.9 states: "**Withdrawal of Documents**. A party may withdraw a document from consideration

by the Court by filing and serving a notice of withdrawal which specifically identifies the document

being withdrawn. Withdrawal requires consent of all other parties or approval of the Court."

D.N.M.LR-Civ. 7.9 (bolded in original). DGS' counsel told the Court's Courtroom Deputy that her

client did not want a ruling and that she would file something showing that everyone concurs or

consents to withdrawal.

On June 23, 2008, Mr. Garcia wrote Ms. Stephenson, stating: "We do not concur with the

withdrawal of your motion. We contend the court should deny it." Letter from Barbara Stephenson

to the Court (dated July 2, 2008)(Doc. 31), Exhibit, Letter from Narcisco Garcia, Jr. to Barbara G.

Stephenson (dated June 23, 2008). On July 2, 2008, Ms. Stephenson sent the Court a letter stating:

> This letter is to advise the Court of the status of the Motion for Judgment on the
> Pleadings filed by Defendant DAL Global Services, LLC ("DGS") on April 7, 2008
> [Doc. 17]. A hearing on DGS' Motion was held on June 2, 2008; however, the Court
> did not issue a ruling but gave the parties the opportunity to submit additional
> briefing if they so desired. In lieu of a supplemental brief, DGS filed a Notice of
> Withdrawal of Motion for Judgment on the Pleadings on June 5, 2008 [Doc. 28].
> Subsequently, your Courtroom Deputy asked that we obtain Plaintiff's counsel's
> consent to withdraw DGS' Motion for Judgment on the Pleadings. As indicated by
> the enclosed letter from Plaintiff's counsel, Narcisco Garcia, Plaintiff does not
> consent to the withdrawal of DGS' Motion.
>
> The reason for DGS' seeking to withdraw the Motion is that DGS did not anticipate
> that Plaintiff would contend that he did not have knowledge of the Delta/DGS
> bankruptcy, nor did DGS believe it would be considered an acceptable excuse
> coming from an individual who had been employed by the debtors from September
> 2005 to August 2006. Despite its firm belief that, under the express terms of the
> Confirmation Order and Plan of Reorganization, Plaintiff's claims were discharged
> in the bankruptcy proceeding and that Plaintiff is permanently enjoined from
> attempting to recover on his pre-confirmation date claims, DGS decided it would
> take Plaintiff's deposition and then move for summary judgment. In doing so, DGS

believes that it can establish that Plaintiff's employment claims should be dismissed as a matter of law, as Plaintiff was indisputably employed at-will, and that DGS also can establish that Plaintiff was not a known creditor and was afforded sufficient due process to bind him under the terms of the Plan of Reorganization.

Now that Mr. Garcia refuses to consent to DGS' Notice of Withdrawal, DGS presumes the Court will render a ruling on its Motion.  Accordingly, this letter shall serve as supplemental information in support of DGS' Motion.

* * * *

Based on the foregoing and in addition to the arguments and the many cases in support of DGS' position that Plaintiff's pre-confirmation date employment claims should be dismissed under Rule 12(c), DGS requests that the Court grant its Motion for Judgment on the Pleadings.

Letter from Barbara G. Stephenson to the Court at 1-3 (dated July 2, 2008)(Doc. 31).

### DISTRICT OF NEW MEXICO LOCAL RULE 7.9

The District of New Mexico Local Rule 7.9 contains the District of New Mexico's rule regarding the withdrawal of a document filed with the Court.  Local Rule 7.9 states: "**7.9 Withdrawal of Documents**. A party may withdraw a document from consideration by the Court by filing and serving a notice of withdrawal which specifically identifies the document being withdrawn. Withdrawal requires consent of all other parties or approval of the Court." D.N.M.LR-Civ. 7.9 (bolded in original).

### ANALYSIS

The dispute presents an unusual situation.  Generally, when a defendant wishes to withdraw a motion, the plaintiff is delighted to dodge the bullet.  Thus, when the plaintiff effectively says, "Court, decide the defendant's motion," the Court is interested in the reason for the objection.  Yet DGS does not provide much explanation why it wants to withdraw its motion, and Selman does not provide much explanation why he does not want the motion withdrawn.  The Court is left to

speculate, to some degree, why the parties are disputing a procedural issue on which most other parties easily and quickly agree.

The Court is concerned that DGS did not like some of the questions and comments that the Court made at the hearing on the motion, and does not want an adverse opinion. While DGS suggests that the reason it wants to withdraw the motion is that the motion is premature and that there may be factual issues that prevent the Court from granting a motion for judgment on the pleadings, that scenario is likely to occur only if the Court rejects DGS' legal position. Thus, DGS appears to be trying to avoid an adverse legal ruling that might have a company-wide impact. If the Court has sized up DGS' rationale accurately, this reason does not support withdrawal, particularly if the Court will need to decide this issue at some future point in the case.

On the other hand, it appears that Selman needs to have an answer to the legal questions presented in the motion for judgment as soon as possible. Selman probably has no interest pouring more time, effort, and money into a case that may be barred by a bankruptcy-discharge order. If Selman does not have a viable case, he would, as would many plaintiffs, probably like to know that fact sooner rather than later. If the Court has sized up Selman's rationale for his objection accurately, this reason does not support withdrawal, particularly if the Court will need to decide this issue at some future time.

Furthermore, the Court put a lot of effort into preparing for the June 2, 2008 hearing. The Court has an extensive draft opinion started. If the Court is going to have to decide the legal issue at some point, there does not seem to be any reason to cease work on this motion now but have to pick up the legal issues again down the road when the Court's memory and mental thought processes have faded. In sum, the record suggests that the Court should proceed to decide the motion for

judgment on the pleadings with the hope that the Court's analysis of the legal issues will help the parties decide what remains at issue in this case.

**IT IS ORDERED** that Defendant DAL Global Services, LLC's request to withdraw its Motion for Judgment on the Pleadings is denied.


_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

Narcisco Garcia, Jr.
Albuquerque, New Mexico

      *Attorney for the Plaintiff*

Barbara G. Stephenson
Justin E. Poore
Gilkey & Stephenson, P.A.
Albuquerque, New Mexico

      *Attorneys for the Defendant DAL Global
        Services, LLC*